FRIEDMAN & SPRINGWATER LLP
JANE K. SPRINGWATER (S.B. NO. 100284)
STEFANIE A. ELKINS (S.B. NO. 249839)
33 New Montgomery Street, Suite 290
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044
Email: jspringwater@friedmanspring.com
Email: selkins@friedmanspring.com

JENNER & BLOCK LLP
VINCENT E. LAZAR (admitted *pro hac vice*)
LANDON S. RAIFORD (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654-3456
Telephone Number: (312) 923-2989
Facsimile Number: (312) 840-7389
Email: VLazar@jenner.com
Email: LRaiford@jenner.com

Attorneys for Creditor
Universal Music Investments, Inc.

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Exigen (USA), INC.<br><br>Debtor. | Case No. 13-32281 DM<br><br>Chapter 11<br><br>**OBJECTION TO APPLICATION TO APPROVE EMPLOYMENT OF COTCHETT, PITRE & MCCARTHY, LLP AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §327(E)** |

Universal Music Investments, Inc. ("UMI") hereby files this objection to the Application to Approve Employment of Cotchett, Pitre & McCarthy, LLP as Special Counsel Pursuant to 11 U.S.C. §327(e) [ECF 29] (the "Application"), filed by Exigen (USA), Inc. (the "Debtor" or "Exigen USA"). In support of this objection, UMI respectfully represents as follows:

## BACKGROUND

1. On October 17, 2013, the Debtor filed a voluntary petition commencing this case.

2. No creditors' committee has been appointed.

3. On November 12, 2013, the Debtor filed a Motion to Approve Debtor-In-Possession Financing and Post-Petition Retainer. A preliminary hearing was held on November 6, 2013. The Court did not approve the proposed financing and scheduled a continued preliminary hearing for November 25, 2013.

4. On November 15, 2013, UMI filed a Motion For Appointment Of A Chapter 11 Trustee or To Convert Case To Chapter 7. A hearing on the motion is scheduled for December 13, 2013.

5. On November 18, 2013, the Debtor filed the Application, in which it seeks to retain Cotchett, Pitre & McCarthy, LLP as special counsel in connection with the *Genesys* litigation, and to compensate that law firm on essentially the same terms and conditions as existed prior to the petition date.

## OBJECTION

6. UMI does not object in concept to the basic economic terms of the proposed legal representation (a 16%/25% contingency fee arrangement), or to the potential retention of counsel who already may be familiar with the claims. However, the Application leaves many unanswered questions, including:

(a) The Contingency Fee Agreement attached as Exhibit B to the Gregory Declaration [ECF 28-3] in support of Debtor's application defines the "Client" as "Exigen Group, a Delaware Corporation, and any of its subsidiaries or related entities." The Application and Contingency Fee Agreement fail to specify from which Exigen entities counsel proposes to take direction, or how counsel proposes to deal with any divergence of opinion or conflicts that may arise between

the Debtor's estate and the other Exigen entities that are controlled by Exigen Capital, now that the Debtor is the subject of a chapter 11 proceeding;

(b) Neither the Contingency Fee Agreement nor any pleading filed in the underlying litigation explains why 14 "Exigen" entities are pursuing claims which appear (based on the *Genesys* pleadings) to be largely attributable to the Debtor's business, or how any recovery is proposed to be allocated among the various Exigen entities. Without such information, it is impossible to determine whether a joint retention and any proposal concerning the payment of expenses is in the best interests of the Debtor's estate;

(c) The Contingency Fee Agreement (at par. 2) provides for a payment to counsel in the event of a non-cash settlement. Neither the Contingency Fee Agreement nor the Application explains which Exigen entities would be responsible for making such a payment, and it would be inappropriate to saddle the Debtor's estate (which has no business operations and would not benefit from a non-cash settlement, and has no cash to make such a payment to counsel in any event) with such a burden; and

(d) The Contingency Fee Agreement (at par. 6) requires the "Client" to pay all expenses, and also to pay all expert fees. Neither the Contingency Fee Agreement nor the application explains which Exigen entities are proposed to be responsible for paying expenses and expert fees, and in what percentages.

7. Moreover, whether the Debtor will continue to exist as a debtor-in-possession, as well as the source and amount of any funding for the Debtor's estate, are highly relevant to the issues identified above. Thus, any retention of special counsel should be deferred until after the Court determines whether to appoint a chapter 11 trustee or convert the Debtor's case to chapter 7, and there is more clarity concerning the estate's funding.

WHEREFORE, for the reasons set forth herein, UMI respectfully requests that the Court deny the Application without prejudice, and for such other and further relief as is proper and just.

DATED: November 21, 2013              FRIEDMAN & SPRINGWATER LLP


                                      By:  */s/ Jane K. Springwater*
                                           Jane K. Springwater
                                           Attorneys for Creditor
                                           UNIVERSAL MUSIC INVESTMENTS, INC.