KYLE EVERETT
DEVELOPMENT SPECIALISTS, INC.
235 Pine Street, Suite 1150
San Francisco, CA 94104
Telephone: (415) 981-2717
Facsimile: (415) 981-2718

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: | Case No. 13-32281-DM-11 |
| EXIGEN (USA), INC. | Chapter 11 |
| Debtor. | **DECLARATION OF KYLE EVERETT IN ACCORDANCE WITH FEDERAL RULES OF BANKRUPTCY PROCEDURE SECTION 2007.1(c)** |

I, Kyle Everett, declare as follows:

1. I am a Vice President at Development Specialists, Inc. ("DSI"), a financial and management consulting firm with offices in San Francisco, Chicago, New York and a number of other major American cities. DSI is experienced in all aspects of insolvency and bankruptcy consulting and members of DSI regularly serve in fiduciary capacities including as Chapter 11 and Chapter 7 Trustees, Court-Appointed Examiners, Post-Confirmation Trustees, federal Equity and state court appointed Receivers, as well as act as consultants to debtors, creditors, creditors' committees and the above referenced fiduciaries. I submit this declaration in connection with the United States Trustee's consideration to appoint me as Chapter 11 Trustee in the above titled case.

Declaration of Kyle Everett pursuant to
Section 327 of the Bankruptcy Code
-1-
Case: 13-32281   Doc# 54   Filed: 01/23/14   Entered: 01/23/14 16:11:15   Page 1 of 5

I have personal knowledge of all of the matters set forth herein and, if called as a witness, would competently testify thereto.

2. In the past two years, I have been appointed as a Chapter 11 Trustee as well as a Chapter 7 Trustee and both cases remain active. Currently I am the Chapter 11 Trustee for Pacific Thomas Corporation Case No. 12-46534 MEH, Oakland Division, and am the Chapter 7 Trustee for Tally One, Inc. Case No. 11-31985 DM, San Francisco Division.

3. My current hourly rate is $550 effective January 1, 2014, which may be adjusted annually on January 1 of each successive year. In connection with this matter, I would consider utilizing a discounted rate of $450. If appointed, I anticipate hiring DSI to assist me with certain tasks such as required periodic reporting, preparation of internal bookkeeping and accounting, review of records and certain analyses. I would make an appropriate application for such employment under Section 327 of the Bankruptcy Code and would request that, if approved, DSI's fees shall be included as part of and within the limits of the general statutory limits that I would seek as Trustee, pursuant to Section 326(a) of the Bankruptcy Code. Depending upon the availability of staffing at the time and the specific tasks to be performed, it would currently be my intent to utilize Tyler Julian in DSI's San Francisco office whose 2014 hourly rate is $210. If any future rate adjustments occur for any DSI personnel, myself included, I will file and serve notice of such adjustments on the parties in this matter.

4. I understand that, should I be appointed, my compensation and reimbursement of any expenses incurred will be subject to Court approval after providing an application for such compensation. Such application will be made in adherence to the Bankruptcy Code, the Court's Local Rules and the Guidelines set forth by the United States Trustee.

Declaration of Kyle Everett pursuant to -2-
Section 327 of the Bankruptcy Code
Case: 13-32281    Doc# 54    Filed: 01/23/14    Entered: 01/23/14 16:11:15    Page 2 of 5

5. I also understand and acknowledge that, should I be appointed, I will comply with all United States Trustee guidelines, the Chapter 11 Handbook and other guidance including cooperation and providing information to the United States Trustee's office including periodic reports as required or requested.

6. To the best of my knowledge, information and belief, I and DSI are disinterested within the meaning of 11 U.S.C. Section 101(14) and do not represent any entity having an adverse interest in connection with the above case, nor do I or DSI have any adverse interest in this matter. Neither I nor DSI are a prepetition creditor, equity security holder or an insider of the debtor. Neither DSI, nor any employee at DSI, is or has ever been a director, officer or employee of the debtor at any time. Further, I have reviewed the schedules and statements filed by the debtor in this case as well as records maintained by DSI and after such review and reasonable inquiry, have determined that neither I, nor DSI have any connections with the parties in interest in this case including the debtor, its principals, the creditors, their professionals, the United States Trustee or any person employed by the United States Trustee.

7. Across the country in many instances, at any given time, members of DSI are acting as consultants for bankruptcy constituencies and as fiduciaries in federal and state court matters as well as out of court circumstances. In many of those matters, certain creditors in those matters are creditors in the instant case, such as the federal and state taxing authorities as well as common creditors such as T-Mobile and Iron Mountain. Depending on DSI's role in those other cases, DSI may be viewed as working indirectly for such creditors, but if required by my duties and responsibilities as a Chapter 11 Trustee in this matter, I have no concerns being adverse to such creditors.

8. Additionally, because of the nature of the insolvency business and its structure, relationships between DSI and many of the professional firms that are involved in this matter,

Declaration of Kyle Everett pursuant to -3-
Section 327 of the Bankruptcy Code
Case: 13-32281    Doc# 54    Filed: 01/23/14    Entered: 01/23/14 16:11:15    Page 3 of 5

either representing parties in interest or as creditors, may have existed in past years or may exist in future matters. Any such contacts or relationships do not relate to this bankruptcy case and thus do not create any conflicts with respect to my potential appointment as Chapter 11 Trustee in this matter.

9. I do not believe that any of the above connections render DSI not "disinterested" within the meaning of 11 U.S.C. Sections 101(14), 327 and 328. To the extent that any disclosure herein requires modification upon any further analysis or as additional information becomes available, I will file one or more supplemental declarations with the Court.

10. Based on a review of many of the pleadings filed in this case, which have provided me with insight as to the nature of the issues that I would be dealing with if I were appointed as the Chapter 11 Trustee in this case, and after a review of the experience in the industries at issue, my choice of counsel would be Debra Grassgreen of Pachulski, Stang, Ziehl & Jones, LLP ("the Firm") for a number of reasons. Ms. Grassgreen and others in the Firm have a significant depth of representation in the music industry representing Trustees, creditors' committees and debtors including record labels and entertainers. Additionally, she and others in the Firm, have experience in representing software developers and both debtors as well as acquirers of high-technology and telecommunication companies. Lastly, she and others in the Firm have extensive experience in fraudulent conveyance litigation and, importantly, have indicated that they are open to considering creative fee arrangements as well as the possibility of a contingent fee arrangement. Given the benefits associated with such experience, I believe that hiring their firm will assist me, if appointed, with managing this case in an efficient and cost effective manner and understand that employment of counsel or any professional governed by Bankruptcy Code Section 327 is subject to Court approval.

Declaration of Kyle Everett pursuant to -4-
Section 327 of the Bankruptcy Code

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 22, 2014 at San Francisco, California.

_____
KYLE EVERETT

Declaration of Kyle Everett pursuant to
Section 327 of the Bankruptcy Code

-5-